

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1589 | **DATE** | 3/29/2004 |
| **CASE TITLE** | Kenneth A. McCready vs. eBay, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The decision of the bankruptcy court is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 5 | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAR 3 0 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 15 |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 3/29/2004 | |
| | | | | date mailed notice | |
| ETV | courtroom deputy's initials | | | ETV | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

KENNETH A. McCREADY,     )
                        )
     Debtor-Appellant,    )
                        )
     v.                    )     No. 03 C 1589
                        )
eBAY, INC.,           )     Judge Rebecca R. Pallmeyer
                        )
     Respondent-Appellee.    )

## MEMORANDUM OPINION AND ORDER

Debtor/Appellant Kenneth McCready appeals from the December 18, 2002 decision of Bankruptcy Judge Carol Doyle, denying McCready's petition for sanctions against eBay, Inc., due to eBay's alleged violations of the automatic stay in bankruptcy. For the reasons explained here, this court affirms.

**DOCKETED**

**MAR 30 2004**

## BACKGROUND

Kenneth McCready filed his voluntary Chapter 7 bankruptcy petition on April 17, 2002. Prior to the bankruptcy filing, McCready had registered several accounts with eBay, an internet trading site, and had entered into a user agreement with eBay which authorized him to sell items on eBay's web site. (McCready denies signing any user agreement, and denies, further, that the user agreement that eBay has submitted as Exhibit A to eBay's Response to Debtor's Petition was the version in effect at the time he began trading goods on eBay; he does not deny, however, that an individual seeking to do business on eBay is required to register and agree to eBay's terms.) Respondent eBay claims that McCready violated that agreement by failing to deliver goods purchased by eBay buyers or by delivering product of less quality than what he had advertised on the web. eBay claims that it received several fraud complaints from buyers and gave McCready notices and warnings. By July 10, 2002, he had not yet complied with the corrective measures eBay directed, and eBay suspended his accounts.

/5

On August 26, 2002, McCready filed an amended motion for a rule to show cause, alleging that eBay willfully violated the automatic stay provisions of 11 U.S.C. § 362(a). He contends that eBay's suspension of his accounts, and communications directing him to "resolve" his disputes with buyers, constitute efforts to collect pre-petition debts, and that he is entitled to damages under § 362(h). In response to McCready's amended motion for a rule to show cause, eBay argued that McCready lacked standing to assert a § 362(h) claim and that, in any event, eBay had not violated the automatic stay under this title.[1]

On appeal, eBay has not renewed its standing objection. This court agrees that Judge Doyle properly overruled that objection. Statutory language and relevant case law establish that an individual debtor may recover damages for willful violation of the automatic stay. *See* 11 U.S.C. § 362(h) ("An individual injured by any willful violation of the stay . . shall recover . . . ."); *Pettitt v. Baker*, 876 F.2d 456, 457 (5th Cir. 1989).

The bankruptcy court concluded, however, that eBay's conduct did not violate the automatic stay provisions of the Bankruptcy Code. Judge Doyle stated her conclusions in an oral ruling. (Transcript of proceedings on December 17, 2002, Exhibit C to Response Brief of Respondent-Appellee, eBay, Inc. [hereinafter, "Transcript"], at ___.) McCready appeals.

## DISCUSSION

The filing of a bankruptcy petition operates as an automatic stay of any action or proceeding against the debtor and bars an act to collect a claim that arose before the filing of the bankruptcy. 11 U.S.C. § 362(a)(1), (6). The stay operates as an injunction and remains in effect until a

---

[1]    In addition, eBay argued that because it does not qualify as a "debt collector," the court should reject McCready's suggestions that eBay had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. McCready stipulated that his claims against eBay were not based on the FDCPA, however, so the bankruptcy court did not address that issue. In its brief to this court, eBay again devotes substantial attention to the issue of whether the provisions of the FDCPA apply to it; as McCready stands by his position that this appeal does not implicate the FDCPA, this court also will not address the matter.

bankruptcy discharge is granted or denied. 11 U.S.C. § 362(c)(2)(C). The stay is designed to effect orderly administration of the debtor's estate, protect creditors' rights to equality of distribution, provide a "breathing spell" for the debtor, maintain the status quo, and prevent harassment and coercion of the debtor. *See Rogers v. NationsCredit Financial Servs. Corp.*, 233 B.R. 98 (N.D. Cal. 1999), citing *Morgan Guaranty Trust Co. v. American Sav. and Loan Ass'n*, 804 F.2d 1487, 1491 (9th Cir. 1986). Thus, the stay protects both the debtor and creditor. In reviewing the bankruptcy court's decision that eBay's conduct did not violate the automatic stay, the court reviews the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. *In re Scott*, 172 F.3d 959, 966 (7th Cir. 1999); *In re Zolner*, 249 B.R. 287, 291 (N.D. Ill. 2000).

McCready argues that eBay's suspension of his accounts and related communications violate § 362(a)(1) and (6) of the Bankruptcy Code. Section 362(a)(1) provides that the stay bars the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement" of the bankruptcy filing. Section 362(a)(6) bars "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of the case.

In reaching her conclusion that eBay's communications were not debt collection efforts, Judge Doyle reviewed each of the e-mail messages that McCready submitted as exhibits. (Transcript, at 24-26; *see* E-mail printouts, Exhibits A - S in support of Debtor's Amended Petition for Order or Rule to Show Cause.) On June 3, 2002, eBay advised McCready that it had received various fraud complaints regarding him and that he must "resolve" those complaints or face a suspension of his accounts. McCready responded by warning eBay against any attempts to collect from him monies owed to the purported claimants, and contesting the legitimacy of the claims. On June 4, eBay again advised McCready that he must "resolve" the disputes with his buyers or face suspension of his accounts.

The following month, on July 9, 2002, eBay advised McCready that it was investigating a

3

particular claim in which the buyer maintained he had returned merchandise to McCready but had not received a refund. McCready responded that such a claim was covered by his bankruptcy filing and demanded that eBay stop "dunning" him. The following day, on July 10, eBay told McCready it had found in favor of the buyer on this claim, and in a separate e-mail, advised McCready that his accounts were suspended due to what eBay referred to as "transaction nonperformance." This July 10 message listed several transactions which had generated complaints and explained that in order to have the suspension lifted, McCready would have to get the buyers who had made complaints to advise eBay that their complaints were "resolved."

On July 11, McCready acknowledged that one of the buyers who had complained in fact had a legitimate claim; McCready's e-mail message to eBay asked, "May I repay this gentleman and get reinstated [on eBay]? If so, will you please tell me how much I am to refund to him." In response, eBay advised that it had reimbursed the disgruntled buyer through its own "Fraud Protection Program," so McCready should reimburse the program and pay the buyer the $25 "deductible" from that program.

In the bankruptcy court's view, eBay's actions violated neither § 362(a)(1) or (6). As Judge Doyle noted in her oral ruling, the eBay user agreement gives eBay broad power to suspend a user's authority to do business on the eBay site. Specifically, the agreement authorizes eBay to "remove your items listings, warn our community of your actions, issue a warning, temporarily suspend, indefinitely suspend or terminate your membership . . . if . . . [eBay] *believe[s]* that your actions may cause financial loss or legal liability for you, our users, or us." (User Agreement ¶ 9, emphasis supplied). It provides, further, that "eBay may suspend or terminate your account if we *suspect* that you . . . have engaged in fraudulent activity in connection with our site." (*Id.* ¶ 5.3, emphasis supplied.) In the bankruptcy court's view, eBay's exercise of its broad powers under those provisions did not constitute an "attempt to collect a debt." (Transcript, at 27.) Rather, eBay was simply explaining the conditions McCready was required to meet before he could be reinstated

4

to sell merchandise on the eBay web site. Judge Doyle commented, in addition, that even if eBay's communications with McCready are characterized as violations of the automatic stay, McCready recovers nothing because he has suffered no damages. (*Id.* at 28.)

Judge Doyle observed that "[t]here is no doubt that eBay has a right to terminate or suspend the debtor's rights to trade on eBay under the user agreement" without violating the stay, and cited *Hazen First State Bank v. Speight*, 888 F.2d 574, 576 (8th Cir. 1989); *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1212-13 (7th Cir. 1984); and *In re Henry*, 129 B.R. 75 (Bankr. E.D. Va. 1991). (Transcript, at 26.) In *Hazen*, the court recognized that the automatic stay does not expand the rights an individual enjoys under a contract, nor does it toll the running of time under contract provisions. In *Moody*, the court recognized that the stay provisions do not preclude the enforcement of lease termination provisions. In *Henry*, the case perhaps most closely analogous to this one, the court held that a credit union's policy of terminating membership privileges to any member who caused it a loss did not violate the automatic stay. In short, the automatic stay provisions of the Bankruptcy Code were "not intended to act as a toll on leases, contracts and the like, but only as a stay on actual proceedings and similar acts against the debtor." *Matter of Compass Development, Inc.*, 55 B.R. 260, 262 (Bankr. D.N.J. 1985).

As commentators have noted, determining how this principle applies when a creditor refuses to deal with a debtor after bankruptcy can be complicated. *See generally Donald Wayne*, Note, POSTBANKRUPTCY REFUSALS TO DEAL WITH THE DEBTOR AND THE AUTOMATIC STAY: A FRESH APPROACH, 72 Wash. U. L.Q. 507 (1994). The writer of that Note reviewed a number of cases in which courts have held that a creditor's "coercive conduct" in such circumstances can constitute an "act to collect" in violation of § 362(a)(6). He concluded that if the creditor's policy is to decline further dealings with any debtor who causes a loss, courts hold that enforcement of this policy with a debtor in bankruptcy is not coercive. *Id.* at 523.

Having reviewed the communications between eBay and McCready, this court concludes

that eBay's conduct does not rise to the level of coercion. Under the terms of the user agreement in this case, eBay retained discretion to terminate a user's rights to buy and sell on its sites; its exercise of that discretion is not fairly viewed as initiation of a proceeding or an effort to collect a debt against McCready. In its messages, eBay did not demand that McCready pay it (or the claimants); did not state or imply that McCready had a legal obligation to do so; and did not threaten to take adverse action against McCready if he chose to ignore the matter. Instead, eBay's communications merely warned McCready that it would refuse to deal with him in the future if the fraud complaints were not addressed. As the bankruptcy court observed, McCready was free to do nothing about the disputes, which may fairly be characterized as pre-petition debts, discharged in the bankruptcy. If he did nothing, eBay would take no action against him. eBay was free, however, to decline to do business with McCready while the matters remained unresolved.

Judge Doyle concluded:

> Fundamentally the debtor seems to believe that eBay has a legal obligation to continue dealing with him and that is simply not true. They have no obligation whatsoever to deal with him. They cannot attempt to collect pre-petition debts . . . owed by the debtor to eBay or anyone else, but they were free to enforce the provisions of the user agreement regarding suspected fraud, as well as paragraph 9 regarding any person who may cause financial loss to eBay or any other party.

(Transcript, at 28.) This court agrees. An individual who, like McCready, buys and sells merchandise on eBay has no property right in that business arrangement. *Compare In re Krystal Cadillac Oldsmobile GMC Truck, Inc.,* 142 F.3d 631 (3d Cir. 1998) (car dealer franchise, which could be bought and sold, was an asset of the bankruptcy estate; franchisor's acts to enforce state court termination of the franchise violated the automatic stay). In this court's view, the payments addressed in eBay's communications with McCready are most fairly viewed not as indebtedness that McCready must pay to avoid legal action, but as the price of re-admission to trading privileges.

Two matters remain for the court's consideration. First, McCready's request for sanctions: Because the court finds no violation of the automatic stay provisions, the bankruptcy court's denial

of McCready's motion for sanctions must also be affirmed. Second, McCready filed a motion to compel eBay to produce the names, addresses and phone numbers of his putative creditors. He points out that if he is in fact guilty of "defrauding" these individuals, as eBay has suggested, his debts to them may be nondischargeable. The court understands that McCready did not list any of the purported claims in his bankruptcy schedules and continues to deny their validity. This court is not familiar with eBay's process for investigating claims against a user of its site, nor has eBay offered any information that explains its decision that the claims against McCready justify termination of his trading privileges. Under the terms of the user agreement, the court agrees that eBay has no obligation to furnish such information. Based on the current state of the record, however, the court sympathizes with McCready's request. The communications between eBay and McCready reflect eBay's policy that, in order to be reinstated as a seller, McCready bears the burden of contacting those trading partners who have complained about him and prevailing on them to notify eBay that their complaints have been satisfactorily resolved. Particularly in circumstances where the individuals in question have changed their e-mail addresses or are otherwise beyond contact, it is impossible for McCready to meet that burden. eBay's invitations to McCready to straighten things out and resume his privileges are, in this sense, disingenuous.

Again, however, the court concludes eBay has no obligation to deal with McCready and that its communications with him were not unlawful under the relevant Bankruptcy Code provisions. Should McCready carry out his threats to take legal action against eBay under other theories, he may be successful in obtaining the information he seeks by way of discovery request or subpoena.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is affirmed.

ENTER:

Dated: March 29, 2004

REBECCA R. PALLMEYER
United States District Judge